UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TERRY DAUM,

                             Petitioner,

                -v-

THOMAS RICKS,

                             Respondent.
-----------------------------------------------------------------------X

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.
★ MAY 2 7 2005 ★

P.M. _____
TIME A.M. _____

ORDER

01 CV 6520 (LB)

**Bloom, United States Magistrate Judge:**

By letter and motion dated April 11, 2005 (docket entries 69 and 70), petitioner requests Judge Gleeson to stay his notice of appeal and objects and appeals each part of the Opinion and Order denying his petition for a writ of habeas corpus entered on April 4, 2005. Since petitioner's letter challenging the decision denying his petition was received within ten days of the entry of the judgment, the Court shall treat the letter as a motion for reconsideration. Fed. Rule Civ. P. 59(e). Petitioner filed a notice of appeal on April 12, 2005. Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(I), an appeal is held in abeyance until Rule 59 motions are decided. See Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 400 (2d Cir. 2000). Once a decision is rendered, the previously filed Notice of Appeal returns jurisdiction to the circuit court. See Jones v. J.R. O'Keefe, No. 99 Civ. 12279 (RCC), 2000 WL 1804153, at *2. Petitioner's motion is hereby denied and the Clerk of Court is directed to transmit this Order and whatever additional documents may be requested to the Court of Appeals.

Petitioner challenges whether his adversary consented to decision by a magistrate judge under 28 U.S.C. §636(c) and states that he did not knowingly and voluntarily waive decision by a district judge. These grounds are without merit. The order entered on October 11, 2001

granting petitioner leave to proceed clearly advised petitioner regarding his **option**[1] to consent to a magistrate judge and that a judgment entered by a magistrate judge is to be treated as a final judgment of the district court, appealable "in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3). Likewise, petitioner's argument that respondent never consented to "a Magistrate ruling" is without merit as consent was filed on behalf of respondent on December 7, 2001, prior to petitioner's consent to proceed before a magistrate judge in November 2003.[2]

Petitioner's third, fourth and fifth grounds are equally unavailing. The Attorney General of the State of New York was served with the petition and by letter dated October 16, 2001

---

[1] The relevant portion of the order states:
"The parties shall advise the Court by signing the enclosed form whether they jointly consent to a decision on petitioner's habeas corpus petition by a United States Magistrate Judge (that is, the undersigned), pursuant to 28 U.S.C. §636(c). Consent of the parties means that I may conduct any or all proceedings including the holding of an evidentiary hearing, if necessary, and the entry of judgment in this case. The parties are free to withhold consent without adverse consequences.

If the parties consent, my decision will be entered as the decision of the Court and an aggrieved party may appeal directly to the United States Court of Appeals to the same extent and subject to the same conditions as if the decision had been rendered by a District Judge. If the parties do not consent to a decision by a Magistrate Judge, my decision shall be reported as a recommendation to the assigned District Judge.

...This information regarding the availability of a Magistrate Judge to hear the entire case on consent of the parties is not meant to, in any way, interfere with the parties' absolute right to a decision by a United States District Judge. This is an option available to the parties which may expedite the adjudication of this case and preserve scarce judicial resources."

[2] Part of petitioner's confusion may be due to a clerical error. "Consent to Jurisdiction by US Magistrate Judge by Terry Daum" was entered on the docket on November 18, 2003 (between entries 51 and 52). However, the supporting documents, the actual consent filed by petitioner (received November 4, 2003) and the separate consent form executed by respondent (stamped on back of document filed December 7, 2001 and "so ordered" by Judge Gleeson on November 13, 2003), as well as the reassignment memo from Judge Gleeson dated November 14, 2003, were inexplicably not made part of the record herein. The Clerk of Court is directed to docket and file these documents *nunc pro tunc* and to forward these documents to the Court of Appeals along with a copy of this Order.

(entry 5) advised that the petition was being forwarded to the Richmond County District Attorney for representation. As to petitioner's complaint that the "writ of habeas corpus was pending three and a half years, " the Court notes that petitioner requested and was granted numerous extensions as well as more than one stay of proceedings pending the resolution of his motions for state post-conviction relief. See Orders entered June 20, 2002 (entry 29) and January 27, 2003 (entry 46), as well as petitioner's letter dated December 17, 2003 (entry 53).

Accordingly, petitioner's motion for reconsideration under Fed. R. Civ. P. 59 is denied.

SO ORDERED:

s/ Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: May 27, 2005
Brooklyn, New York